# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ELDRIDGE HARMON,**  Plaintiffs | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-151** |
| **LOUISIANA STATE, ET AL.,**  Defendants | **SECTION: "E" (1)** |

## ORDER

Plaintiff Eldrige Harmon is proceeding *pro se*. Plaintiff filed his initial complaint on January 22, 2015.[1] He amended the complaint eight days later.[2] Finding the amended complaint unintelligible, the Court ordered Plaintiff to file another complaint clearly setting forth "(1) the relief sought, (2) the defendants against whom that relief is sought, and (3) the facts that support relief."[3] Plaintiff filed his second amended complaint on February 13, 2015.[4] Without leave of court, Plaintiff filed a third amended complaint on February 18, 2015,[5] and a fourth amended complaint on February 27, 2015.[6]

Whether viewed in isolation or in the context of the prior complaints, the fourth amended complaint fails to state a claim upon which relief can be granted. The Court may dismiss a *pro se* complaint *sua sponte* under Rule 12(b)(6) "as long as the procedure employed is fair."[7] Plaintiff has now had *five* bites at the apple. After the second, the Court specifically instructed Plaintiff what to include in his second amended complaint. Plaintiff's next three complaints utterly failed to comply with this directive.

---

[1] R. Doc. 1.
[2] R. Doc. 12.
[3] R. Doc. 13.
[4] R. Doc. 15.
[5] R. Doc. 19.
[6] R. Doc. 22.
[7] *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998).

Unable to ascertain the relief sought or the basis for that relief, the Court has no choice but to dismiss this action *sua sponte*.

Accordingly;

**IT IS ORDERED** that Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief can be granted.

New Orleans, Louisiana, this 4th day of March, 2015.

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**